UNITED STATES of America, Appellee,

v.

Christ H. TREFFINGER, trading as Bronx Home Products, Appellant.

No. 335, Docket 23518.

United States Court of Appeals Second Circuit.

Argued June 6, 1955.

Decided July 6, 1955.

856

After trial by jury on an information in twelve counts charging the violation by the appellant, and another who was acquitted, of Title 21 U.S.C.A. §§ 331 (a), 333(a), 342(b) (2) and 343(a), the appellant was convicted on each count and sentenced to pay a fine on each. This appeal is from that judgment.

The violations as charged in the information consisted, in each instance, of causing a food, horseradish, which had been adulterated by the addition of parsnip to be introduced into interstate commerce in bottles on which were misbranding labels designating the contents of the bottles as horseradish made from selected horseradish roots and seasoned vinegar.

Joseph Winston, New York City, for defendant-appellant.

J. Edward Lumbard, U. S. Atty., for Southern District of New York, New York City, George S. Leisure, Jr., Asst. U. S. Atty., New York City, of counsel, for U. S.

Before CLARK, Chief Judge, CHASE, Circuit Judge, and RYAN, District Judge.

CHASE, Circuit Judge.

The appellant, doing business under the name of Bronx Home Food Products, concededly shipped in interstate commerce a substance labeled as above stated which was to be sold to the public as horseradish prepared for use as a food. The evidence introduced by the government through witnesses, who had analyzed samples taken from such shipments, which tended to show that grated parsnip roots had been mixed with the grated horseradish roots in violation of the above mentioned statutes was, in large part, the testimony of botanists, chemists, and a spectroscopist. In this way the characteristic cell structure of horseradish and that of parsnip was explained to the jury and the differences pointed out. The witnesses testified that they found a comparatively substantial amount of parsnip in the product labeled horseradish.

The appellant, denying that any parsnip had been added to the horseradish, sought to explain the conclusions of these expert witnesses by showing that they had taken as their standard of comparison the primary roots of horseradish and not the secondary roots or "trimmings" as they are sometimes called, which the appellant contended she used in preparing the product shipped. These secondary roots grow out of the primary roots and, though obviously horseradish, are smaller and were used, so the appellant's evidence indicated, because they did not cost as much as the primary roots. And the explanation of the conclusions of the expert witnesses for the government which the appellant attempted to make through the cross-examination of them and by the introduction of other evidence was that the grated secondary roots of horseradish had been mistaken by the experts for grated parsnip roots. In this she was, to a large extent, handicapped by the strictness of the judge in limiting cross-examination and by his curtailment of the introduction of evidence by the appellant in respect to the secondary roots of horseradish and their structure. As for latitude in cross-examination his attitude is shown by a statement made during that of a government expert. "I don't think we ought to go into this secondary business at all. I don't know what it is all about and I don't care." He then added, "You may be interested in making the doctor your own expert" and refused to allow further questions about secondary roots. Later when the defendants were putting in their defense, and the appellant was testifying about the secondary horseradish roots she bought to make the product shipped, the judge remarked in the presence of the jury, "I don't know what your witness is qualified to say. She has been up to her brother's farm and bought horseradish there. I don't know that she has anything significant.

to say about horseradish. She talks about those roots as being secondary. They are not what the jury and I call horseradish. That is for sure."

We find no occasion for going into this aspect for the appeal in greater detail, however, since error in the charge in respect to the effect of the presence of secondary horseradish roots, or "trimmings", makes reversal of the judgment necessary and so strict a limitation of the defense is unlikely to occur upon a retrial.

The court was requested to charge the jury that the defendants were not guilty if they "used only the secondary roots of horseradish in the manufacture of grated horseradish." This was denied and the jury, instead, was charged over the objection of the appellant that, "You may find on the presence of trimmings, and you may find on the presence of parsnips, which the Government accentuates and which the District Attorney wants you to believe is the case, whether or not there was parsnip in the horseradish and, if so whether or not that constitutes under a law an adulteration and, secondly, whether or not in each case it would consist of misbranding, since there was nothing on the bottle label except horseradish."

There was no evidence to the effect that "trimmings" were not horseradish. On the contrary the evidence was undisputed that they were outgrowths of the so-called primary horseradish roots from which they had been removed and the above quoted charge was, at best ambiguous and confusing. At the worst it was the direction of a verdict of guilty since the presence of "trimmings" in the shipped product was admitted. To bracket their presence and that of parsnip as a sufficient basis for such a verdict was in effect the creation by the judge of a Standard of Identity for horseradish under Title 21 U.S.C.A. § 341, no standard having been formulated by the Administrator, which excluded secondary horseradish roots and put them in the same category as parsnip roots for the purposes of this trial.

Whether it was but confusing and misleading or was in effect the direction of a verdict of guilty, it amounts to reversible error. See, Bollenbach v. United States, 326 U.S. 607, 614, 66 S.Ct. 402, 90 L.Ed. 350.

The denial of the appellant's motion to dismiss counts one to six on the ground that portions of samples taken by the government for analysis had not been furnished to the appellant pursuant to the provisions of Title 21 U.S.C.A. § 372(b) was not erroneous since it does not appear that a seasonable written request for them had been made. Triangle Candy Co. v. United States, 9 Cir., 144 F.2d 195, 155 A.L.R. 903, on which the appellant relies, is distinguishable for that reason.

Judgment reversed.